**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| JAMES GAGAN, | No. 14-15724 |
| Plaintiff - Appellant, | D.C. No. 2:99-cv-01427-RCB |
| v. | |
| JAMES A. MONROE, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| And | |
| VICTOR SHARAR, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, Senior District Judge, Presiding

Submitted April 13, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, CLIFTON, and N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James Gagan won a judgment against James Monroe in 1994, in the United States District Court for the Northen District of Indiana. Gagan properly registered his judgment in the United States District Court for the District of Arizona, giving such court jurisdiction to enforce it under 28 U.S.C. § 1963. The district court determined that it no longer had jurisdiction to enforce Gagan's judgment, and therefore granted Monroe's motion to dismiss Gagan's claim. Gagan timely appealed. The facts of this long-running litigation are familiar to the parties, and we do not repeat them except as necessary to decide the sole issue on appeal.

I

In 2011, the Arizona Court of Appeals decided that Gagan's judgment remained valid and enforceable against Monroe under Arizona law, despite the Arizona Supreme Court's earlier decision in *Fidelity National Financial Inc. v. Friedman* (*Fidelity III*), 238 P.3d 118 (Ariz. 2010). *See Monroe v. Gagan*, No. 1 CA-CV 10-0589, 2011 WL 2555736, at *6 (Ariz. Ct. App. June 28, 2011). Monroe could have sought review of that decision by the Arizona Supreme Court, but apparently elected not to do so. Such decision is entitled to preclusive effect under the five-factor test prescribed by Arizona law. *See Hullett v. Cousin*, 63 P.3d 1029, 1034–35 (Ariz. 2003) (en banc).

First, the parties actually litigated—and the Arizona Court of Appeals actually decided—whether Gagan's judgment could still be enforced in Arizona after *Fidelity III*. *See Chaney Bldg. Co. v. City of Tucson*, 716 P.2d 28, 30 (Ariz. 1986) (en banc). Second, there is no question that Monroe had a "full and fair opportunity to litigate" such question before the Arizona Court of Appeals. Third, the Arizona Court of Appeals's determination that *Fidelity III* does not govern the continued enforceability of Gagan's judgment was essential to the Court of Appeals's decision, for if the Court of Appeals had decided that Monroe *could* take advantage of *Fidelity III*, the Court of Appeals would have been required to enter judgment in favor of Monroe. Fourth, the Court of Appeals's decision constituted a "valid and final decision on the merits," because Monroe does not dispute that he never appealed it and that it had become final by the time he brought the present action in federal district court. *Cf. Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Fifth and finally, Monroe and Gagan were both parties before the Court of Appeals.

Because the Court of Appeals's 2011 decision is entitled to preclusive effect under Arizona law, the district court's failure to afford such decision preclusive effect was a violation of the federal Full Faith and Credit Statute. 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The

3

district court should not have allowed Monroe to re-litigate whether *Fidelity III* rendered Gagan's judgment unenforceable in Arizona.

## II

Of course the district court is correct that objections to subject matter jurisdiction can be raised at any time, and that defects in subject matter jurisdiction cannot be waived. But here the presence or absence of subject matter jurisdiction turned on the antecedent state-law question of whether Gagan's judgment was still valid following *Fidelity III*. And on *that* question, the Arizona Court of Appeals had already spoken, in a valid and final decision on the merits between the same two parties. Because such decision satisfied the five factors to win preclusive effect under Arizona law, the district court's failure to afford the decision preclusive effect was error.

**REVERSED and REMANDED.**